

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-11-2008

# Barger v. Walton

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2827

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Barger v. Walton" (2008). 2008 Decisions. Paper 1759.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1759

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2827
_____

ROBERT KARL BARGER,

Appellant

v.

JOHN R. WALTON, Warden;
NAPH-CARE, INC,

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 06-cv-01620)
District Judge:  Honorable David S. Cercone

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 28, 2007

Before: AMBRO, FUENTES and FISHER, <u>Circuit</u> <u>Judges</u>

(Filed: January 11, 2008)
_____

OPINION
_____

PER CURIAM

        Appellant, Robert Karl Barger, is confined at SCI-Greensburg in

Pennsylvania.  Barger filed a <u>pro</u> <u>se</u> lawsuit under 28 U.S.C. § 1983 against the prison

warden and its health care contracting company, alleging denial of medical care for a

sprained ankle, a staph infection in his ears, and hemorrhoids. The District Court gave Barger permission to proceed in forma pauperis, but ultimately dismissed his case for failure to prosecute under Fed. R. Civ. P. 41(b). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's order for abuse of discretion. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

## I.

Because we write for the parties, we recite only the facts essential for our decision. After Barger filed his complaint, the District Court ordered Barger to complete service of process forms. The court did not receive these documents, so on January 12, 2007, it issued an order to show cause why the case should not be dismissed for failure to prosecute. In response, Barger filed a motion for extension of time, alerting the District Court that he was having trouble with filing the forms: his mail had been lost, and he had been placed in the prison's disciplinary unit. The court granted his motion.

Subsequently, Barger filed motions for appointment of counsel, amendments to his complaint, and a discovery motion, but did not file the requested service of process forms. The Magistrate Judge recommended that Barger's complaint be dismissed for failure to prosecute. Barger responded, explaining that, although he had made several attempts to mail the requested service of process documents to the court, he had been having trouble with his mail leaving the prison since December 2006 when he initiated his lawsuit against the prison. On June 13, 2007, the District Court issued an

2

order adopting the Magistrate Judge's recommendation and dismissing Barger's case as a sanction for failure to prosecute. Barger appealed.

## II.

Dismissals for failure to prosecute are "drastic" and "extreme" sanctions and "should be reserved" for cases where there has been "'flagrant bad faith' on the part of the plaintiffs." Poulis, 747 F.2d at 867-68 (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)). Our review is "guided by the manner in which the [District Court] balanced the Poulis factors, and whether the record supports its findings." Ali v. Sims, 788 F.2d 954, 957 (3d Cir. 1986). Those factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis, 747 F.2d at 868. Although we agree with the District Court that the first and third factors weigh in favor of dismissal, we conclude that the forth, fifth and sixth factors do not.[1]

## A.

The Magistrate Judge concluded that factor four weighed against Barger because he "willfully ignored" the District Court's prior orders. However, the record

---

[1] The Magistrate Judge found no specific prejudice against the defendants, and, therefore, did not weigh the second factor against Barger.

does not support that conclusion. "Willfulness" requires a showing of "intentional or self-serving behavior." Adams v. Trustees of N.J. Brewery Emp. Pension Tr. Fund, 29 F.3d 863, 875 (3d Cir. 1994). A litigant's failure "to move with the dispatch reasonably expected of a party prosecuting a case" is insufficient to give rise to an inference of willfulness. Id. at 876.

Here, Barger responded to both the District Court's January 12 and March 5, 2007 orders, explaining that the service of process forms were not reaching the court because his mail was being lost in the prison system and because he had been confined in the prison's disciplinary unit. In his objections to the Magistrate Judge's report and recommendation, Barger explained that these disruptions to his mail began in December 2006 when he filed his complaint. Moreover, Barger's motions for appointment of counsel reflect his confusion and difficulty in understanding the District Court's order, rather than a willful attempt to evade what otherwise appears to be a simple execution of a service of process form. Besides, regardless of whether Barger's allegations are to believed, it is unclear what "self-serving" purposes would be furthered by Barger's refusal to furnish the court service of process forms, since the filing of those forms are necessary for his lawsuit to proceed against the defendants.

B.

With respect to factor five, the Magistrate Judge concluded that only dismissal would be effective in this case, since sanctions like attorneys fees would be

4

useless in an IFP action. However, the District Court could have dismissed the complaint without prejudice, which would have communicated the importance of timely executing of service of process forms, while avoiding a complete dismissal on the merits with prejudice.

C

Finally, the Magistrate Judge stated without analysis that the sixth factor neither weighed in favor of nor against Barger. However, when reviewing dismissal, the correct analysis for meritoriousness is whether the "allegations of the pleadings, if established at trial, would support recovery by plaintiff . . . ." Poulis, 747 F.2d at 869-70.[2] Barger claims that prison officials ignored his pleas for medical care, even though they knew he had a sprained ankle, staph infection, and hemorrhoids. Facially, these claims, if proven at trial, might make out a constitutional violation. Since his claims are at least facially meritorious for the purposes of this analysis, the sixth Poulis factor weighs in favor of Barger.

In weighing the Poulis factors, the established presumption is that "doubts should be resolved in favor of reaching a decision on the merits." Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984). It is apparent that Barger bears personal responsibility for the delay in prosecution, and that there was a history of dilatoriness. However, those factors are outweighed by the lack of prejudice to the adversary, the

---

[2] The standard of meritoriousness when reviewing dismissal is not as rigorous as that required for claims reviewed under summary judgment. Poulis, 747 F.2d at 869-70.

5

absence of willfulness and bad faith on Barger's part, the availability of alternative sanctions; and the potential meritoriousness of Barger's claims.[3]  Balancing each factor in light of the presumption in favor of a disposition on the merits, we conclude that the District Court abused its discretion when it dismissed Barger's complaint for failure to prosecute.  See Adams, 29 F.3d at 878 (overturning a district court's dismissal for failure to prosecute on the same grounds).

### III.

Accordingly, we will vacate the judgment of the District Court and remand for further proceedings.  To the extent that Barger requests in his brief the appointment of counsel for his appeal, that motion is denied.  See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

---

[3]  We make no conclusions regarding the meritoriousness of Barger's claims.